IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jarnaro C. Middleton,           )<br>                                 )<br>           Petitioner,            )<br>                                 )<br>v.                               )<br>                                 )<br>United States of America,        )<br>                                 )<br>           Respondent.           )<br>_____) | C.A. No.: 2:04-cr-1094-PMD<br><br>**ORDER** |

This matter is before the court upon Petitioner Jarnaro C. Middleton's ("Middleton" or "Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the following reasons, the court denies Middleton's motion and grants the Government's Motion for Summary Judgment.

**BACKGROUND**

Petitioner was originally indicted on December 8, 2004, on the sole count of being a felon in possession of a firearm. On June 6, 2005, Petitioner pled guilty to the indictment, but on June 9, 2005, the United States filed a Notice to Correct Penalties. In this notice (and later in its brief on the issue), the Government indicated that during the course of the guilty plea, the court asked the Assistant United States Attorney to advise Middleton of the penalties he faced as a result of his guilty plea. The penalties stated were (1) a maximum term of imprisonment of ten years; (2) a maximum fine of $250,000.00; (3) a term of supervised release of three years; and (4) a special assessment of $100.00. However, as the Government indicated in its brief, the penalties stated were incorrect. The Government stated that the correct penalties were found in 18 U.S.C. § 924(e)(1), and because of his criminal history category, Middleton was subject to (1) a mandatory minimum term of imprisonment of fifteen years and a maximum term of life imprisonment; (2) a maximum

fine of $250,000.00; (3) a term of supervised release of five years; and (4) a special assessment of $100.00. Because Middleton had been erroneously informed as to the potential penalties he faced, the court vacated his guilty plea on September 2, 2005. Having been advised of the correct penalties, Middleton pled guilty to the sole count of the indictment on December 29, 2005. On March 9, 2006, the court sentenced Middleton to a term of imprisonment of 180 months plus a special assessment fee of $100.00. Middleton filed a Notice of Appeal on March 23, 2006, but the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. Middleton filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on or about February 11, 2008.

## **STANDARD OF REVIEW**

Middleton proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The court has thoroughly reviewed the motion, files, and records in this case and finds that no hearing is necessary.

## ANALYSIS

Middleton lists two grounds for relief in his § 2255 petition. The grounds and supporting facts are as follows:

> **GROUND ONE**: Defendant is entitled to a reduction of his sentence pursuant to 18 U.S.C. § 3553(a), Booker, 5K1.1. . . and/or Rule 35.
> Supporting facts: Defendant's initial plea was for ten (10) years, but because of the mandatory nature of the guidelines, Defendant had to plead anew to an increased sentence. Since the Guidelines were applied mandatorily instead of advisory, it violated Defendant's Sixth Amendment rights to trial by jury. See Memorandum of Law herewith attached at pages 2-4.
>
> **GROUND TWO**: Defendant's prior convictions do[] not qualify under 4A1.2 for an armed career criminal enhancement pursuant to 4B1.4.
> Supporting facts: Out of the three prior convictions relied on to apply the enhanced penalty in this case, only one qualif[ies] to fit the criteria to support same pursuant to § 924(e) and 4B1.4. See Memorandum of Law in Support of at page 4-5.

(*See* Pet.) On reading the Memorandum attached to his petition, it appears Middleton raises one more ground for relief, asserting a reduction in his sentence is required for substantial assistance pursuant to either U.S.S.G. § 5K1.1 or Rule 35 of the Federal Rules of Criminal Procedure. The Government filed a Response in Opposition to Middleton's motion, along with its own Motion for Summary Judgment, on March 13, 2008. On or about April 16, 2008, Middleton filed an affidavit in Reply.

**A.**   *Booker* **Claim**

As noted above, Petitioner's first argument relies on *United States v. Booker*, 543 U.S. 220 (2005). In his Memorandum, Petitioner states,

> The increase in Petitioner's sentence from the initial ten years maximum plea to a fifteen years minimum sentence was based on § 924(e)'s Guideline Statutory mandatory nature. Since, in this case the Guidelines [were] used mandatorily instead of advisory, the manner in which [they were] used in this case violated Petitioner's Sixth Amendment [r]ights to [t]rial [b]y [j]ury. See United States v. Booker, 543 U.S. 220 (2005).

(Pet.'s Mem. at 2.)

Petitioner pled guilty to being a felon in possession of a firearm, "in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924(e)(1)." (*See* Indictment.) Section 924(e)(1) states,

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1). At Middleton's sentencing hearing, the court indicated that Petitioner was facing a statutory minimum. The court stated,

> That being the case, there's a statutory term of 15 years to life, and the Guidelines call for a Total Offense of 30, Criminal History Category is IV. The Defendant is not eligible for probation. It would be 135 to 168 months' term of imprisonment, however, since the statutory minimum in this case is 15 years, the Guideline Range becomes 180 months.

(Sentencing Hr'g Tr. 3:8-3:14, Mar. 9, 2006.)

Thus, while Petitioner asserts the court committed a *Booker* error, it is clear that his fifteen-year sentence was mandated by 18 U.S.C. § 924(e)(1), not the United States Sentencing Guidelines. Petitioner is thus not entitled to relief, as there was no error. *See United States v. Green*, 436 F.3d 449, 455-56 (4th Cir. 2006) (noting *Booker* did not change the rule that, absent a motion by the Government on the basis of substantial assistance, judges are not at liberty to depart below an applicable statutory mandatory minimum sentence); *United States v. Robinson*, 404 F.3d 850, 862 (4th Cir. 2005) ("*Booker* did nothing to alter the rule that judges *cannot depart below a statutorily provided minimum sentence.* Except upon motion of the Government on the basis of substantial

4

assistance, a district court still may not depart below a statutory minimum." (emphasis added)); *see also United States v. Snyder*, 184 Fed. App'x 356, 360 (4th Cir. 2006) ("Because the district court sentenced Mosley pursuant to the mandatory statutory requirement, no error occurred under *Booker*."); *United States v. Richardson*, 141 Fed. App'x 156, 157 (4th Cir. 2005) ("Because Richardson's fifteen-year sentence was mandated by statute, the then-mandatory sentencing guidelines did not affect his sentence. Accordingly, we find there is no error under *Booker*."); *United States v. Cheek*, 415 F.3d 349 (4th Cir. 2005) (concluding the defendant's Sixth Amendment rights were not violated when his sentence was enhanced on the basis of three previous convictions which were not alleged in the indictment or admitted by the defendant during the plea colloquy).

**B.     Armed Career Criminal Claim**

Middleton's second argument is that the district court erred by sentencing him as an Armed Career Criminal pursuant to § 924(e)(1). He admits that he has three prior convictions that are violent felonies, serious drug offenses, or both. (*See* Pet.'s Mem. at 4-5.) He states, however, that pursuant to U.S.S.G. § 4A1.2, two of the convictions "cannot be used as a predicate to help form the bas[is] for the [Armed Career Criminal] enhanced penalty, because Defendant had been released from confinement in a time that exceeds 15 years before the commencement of the instant offense." (*Id*. at 5.)

United States Sentencing Guideline § 4A1.2(e)(1) states in part, "Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted." Although § 4A1.2 contains a temporal restriction, "[t]here is no temporal restriction on prior felonies for the purposes of [the Armed Career Criminal Act]." *United States v. Presley*, 52 F.3d 64, 69 (4th Cir. 1995). The Armed

5

Career Criminal Act is codified at 18 U.S.C. § 924(e), the provision providing for Middleton's mandatory minimum sentence. *See id*. at 67. Thus, Middleton is incorrect in arguing two of his prior convictions should not have been counted for purposes of § 924(e) because they were too temporally distant. *See Presley*, 52 F.3d at 69-70; *see also* U.S. SENTENCING GUIDELINES MANUAL § 4B1.4 cmt. n.1 (2006) ("It is to be noted that the definitions of 'violent felony' and 'serious drug offense' in 18 U.S.C. § 924(e)(2) are not identical to the definitions of 'crime of violence' and 'controlled substance offense' used in § 4B1.1 (Career Offender), nor are the time periods for the counting of prior sentences under § 4A1.2 (Definitions and Instructions for Computing Criminal History) applicable to the determination of whether a defendant is subject to an enhanced sentence under 18 U.S.C. § 924(e).");[1] *United States v. Wright*, 48 F.3d 254 (7th Cir. 1995) (rejecting the appellant's argument that U.S.S.G. § 4A1.2(e) implies Congress intended there to be a similar restriction on the use of felonies under the Armed Career Criminal Act); *United States v. Green*, 904 F.2d 654, 655 (11th Cir. 1990) (rejecting the appellant's argument that the three prior offenses used to enhance his sentence were too remote in time to serve as a predicate for enhancement under § 924(e)(1), stating, "The language of the statute is clear and unambiguous. It bases the enhanced penalty on three prior violent felony convictions, without qualification."). Middleton is thus not entitled to relief on this ground.

**C.     Substantial Assistance Claim**

It is undisputed that Middleton pled guilty without a plea agreement. However, in his last ground for relief, Middleton argues that he is entitled to a downward departure under either U.S.S.G.

---

[1] The Presentence Investigation Report indicates that the 2004 edition of the Guidelines Manual was used in the case *sub judice*, and the cited passage also appears in that edition. *See* U.S. SENTENCING GUIDELINES MANUAL § 4B1.4 cmt. n.1 (2004).

§ 5K1.1, or a reduction in his sentence pursuant to Rule 35 of the Federal Rules of Criminal Procedure. In a 1994 opinion, the United States Court of Appeals for the Fourth Circuit stated,

> *Wade v. United States*, 504 U.S. 181 (1992), holds that without regard to whether substantial assistance has in fact been provided by a defendant, in the absence of a government motion a sentencing court may not grant a downward departure on that basis unless (1) the government has obligated itself in a plea agreement to move for such a departure, or (2) unless, in the absence of such an obligation, it is shown that the government's refusal or failure to so move was based on an unconstitutional motive. . . .
> *Wade* imposes upon a defendant the burden to do more than merely allege unconstitutional motive in order to require judicial inquiry. A defendant must go further and make a substantial threshold showing, failing which he is not entitled to a remedy or even to discovery or an evidentiary hearing.

*United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994) (internal quotation marks and citations omitted); *see also United States v. Dula*, 33 Fed. App'x 685, 686 (4th Cir. 2002) (affirming the defendant's conviction and sentence because, *inter alia*, the plea agreement "contained no unconditional promise to file a motion for downward departure but instead left the decision to the Government's discretion" and the defendant made no claim that the Government's refusal to grant a downward departure was based on an unconstitutional motive).

In the case *sub judice*, there is no plea agreement. Thus, pursuant to *Wade*, the next question is whether the Government's refusal to move for a downward departure was based on an unconstitutional motive. *See Wade*, 504 U.S. at 185-86. All of Middleton's arguments, however, go to the question of whether he provided substantial assistance, not whether the Government's failure to file a motion for downward departure was based on an unconstitutional motive. Because there is no evidence in the record that refusal to so move was based on an unconstitutional motive, the court concludes Middleton is not entitled to relief on this claim.

7

## **CONCLUSION**

It is therefore **ORDERED**, for the foregoing reasons, that Middleton's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. It is further **ORDERED** that the Government's Motion for Summary Judgment is **GRANTED**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**June 25, 2008**

### **NOTICE OF RIGHT TO APPEAL**
Petitioner is hereby notified that he has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Federal Rules of Appellate Procedure 3 and 4. *See* Fed. R. App. P. 3-4.

8